FREEMAN v. CAMP.

No. 6935. Opinion Filed April 11, 1916.

(156 Pac. 1193.)

CANCELLATION OF INSTRUMENTS—Conditions Precedent—Restoring Consideration. In a suit to rescind a contract, the plaintiff, by virtue of section 986, Rev. Laws Okla. 1910, must restore to the other party everything of value which he has received from him under the contract, or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so.

(Syllabus by the Court.)

*Error from District Court, Le Flore County; W. H. Brown, Judge.*

Action by George Camp against J. N. Freeman. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*R. P. White* and *T. H. Du Bois,* for plaintiff in error.

KANE, C. J. This was a suit commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the purpose of rescinding a certain contract in relation to the sale of land, and to recover the purchase money and certain expenditures made by the plaintiff for improvements upon the land whilst in possession thereof, pursuant to the contract.

After the plaintiff had introduced his evidence and rested, the defendant filed a demurrer thereto, which de-

murrer was overruled by the court, whereupon, the defendant electing to stand upon his demurrer, the court entered judgment for the plaintiff as prayed for. The petition filed by the plaintiff and the evidence adduced by him at the trial show substantially the following state of facts. The plaintiff and the defendant entered into a certain contract whereby, for and in consideration of the sum of $150, to be paid by the plaintiff, the defendant, at a time stated, agreed to execute to him a good and sufficient deed for a certain tract of land. Pursuant to this agreement the plaintiff paid the purchase price, took possession of the land, and erected thereon improvements of the value of about $350. Thereafter, it developing that the defendant could not or would not carry out his part of the contract by executing a deed, the plaintiff, without delivering up possession of the premises, or offering to restore to the defendant everything of value which he had received under the contract, "upon condition that such party shall do likewise," commenced this action and recovered judgment as prayed for. The defendant contends that his demurrer to the evidence ought to have been sustained, because the petition of the plaintiff does not state and the evidence adduced by him does not show that he offered to restore the premises to the defendant upon condition that the defendant should restore to him everything of value which defendant had received from him under the contract.

We are not favored by a brief on behalf of the defendant in error, so are not advised upon what theory the court below rendered judgment in favor of the plaintiff. As counsel contend, it seems to us the statute (section 986, Rev. Laws 1910) is applicable to cases of this kind,

and fully sustains the position of the defendant. It provides:

"Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"First. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

"Second. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so."

The following cases cited by counsel for plaintiff in error construing this statute also seem reasonably to sustain this assignment of error: *Howe v. Martin*, 23 Okla. 561, 102 Pac. 128, 138 Am. St. Rep. 840; *Pugh v. Stigler*, 21 Okla. 854, 97 Pac. 566; *Dubois v. Andrews*, 152 Pac. 440, not yet officially reported.

For the reason stated, the judgment of the court below must be reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.